**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JONATHAN MENA,

Plaintiff,

-v- 9:24-CV-1145 (AJB/DJS)

DONALD UHLER *et al.*,

Defendants.

---

| **APPEARANCES:** | **OF COUNSEL:** |
| --- | --- |
| JONATHAN MENA<br>Plaintiff, Pro Se<br>13-A-2620<br>Wallkill Correctional Facility<br>Box G<br>Wallkill, NY 12589 | |
| HON. LETITIA JAMES<br>New York State Attorney General<br>Attorneys for Defendants<br>The Capitol<br>Albany, NY 12224 | OLIVIA R. COX, ESQ.<br>Assistant Attorney General |

**Hon. Anthony Brindisi, U.S. District Judge:**

**ORDER ON REPORT & RECOMMENDATION**

On September 20, 2024, *pro se* plaintiff Jonathan Mena ("plaintiff"), an individual in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this 42 U.S.C. § 1983 action alleging that defendants violated his civil rights while he was being housed at Upstate Correctional Facility. Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 3, 5, 9.

The matter was initially assigned to U.S. District Judge Glenn T. Suddaby, who granted plaintiff's second IFP Application and directed him to submit an amended pleading. Dkt. No. 10. Thereafter, the matter was reassigned to this Court for all further proceedings, Dkt. No. 14, and plaintiff submitted an amended complaint, Dkt. No. 15, which this Court found to be deficient, Dkt. No. 16, and gave plaintiff a final chance to file an amended complaint that conformed with certain instructions he had been given, *id*. Plaintiff thereafter did so. Dkt. No. 19.

On June 10, 2025, the Court conducted an initial review of the amended complaint and determined that the following claims survived initial review and required a response: (1) § 1983 Eighth Amendment conditions-of-confinement claims against Uhler and Perham arising out of plaintiff's confinement on January 7, 2022; and (2) § 1983 First Amendment retaliation claims against Keleher and Uhler. Dkt. No. 20.

On December 3, 2025, in lieu of an answer, defendants moved to dismiss plaintiff's retaliation claims (against Keleher and Uhler) and conditions-of-confinement claims (against Uhler and Perham) for failure to state a plausible claim. Dkt. No. 38. Alternatively, defendants moved for summary judgment on plaintiff's retaliation claim (against Uhler) and conditions-of-confinement claims (against Uhler and Pelham) based on plaintiff's failure to properly exhaust his administrative remedies. *Id*.

On August 17, 2026, U.S. Magistrate Judge Daniel J. Stewart advised by Report & Recommendation ("R&R") that defendants' motion for summary judgment be denied pending fact discovery. Dkt. No. 46 at 19. However, Judge Stewart recommended that the motion to dismiss be granted as to plaintiff's retaliation claim against Uhler and most of the retaliation claims against Keleher, except for plaintiff's retaliation claims against Keleher "regarding purportedly directing

cold air into Plaintiff's cell in November 2021." Dkt. No. 46. Judge Stewart recommended that the motion to dismiss be otherwise denied. *Id*.

Plaintiff has lodged objections. Dkt. No. 47. There, plaintiff contends that Judge Stewart erred "on the upper part of page #13" of the R&R when he stated that defendant Uhler lacked any personal knowledge of plaintiff's grievances. *Id*. In plaintiff's view, he put this defendant on notice of the complained-of events "with the sole purpose" of defendant Uhler "being able to either stop or remedy these issues." *Id*. (emphases omitted).

Defendants oppose. Dkt. No. 48. There, defendants emphasize that defendant Uhler, as Superintendent of the facility, generally cannot be held liable on this kind of fact pattern. *Id*. As defendants explain, "sending letters to a superintendent without allegations connecting that specific defendant to knowledge of the letter or showing how the letters motivated the adverse action is insufficient to survive a motion to dismiss." *Id*. (collecting cases).

Upon *de novo* review, the R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C). As Judge Stewart pointed out, plaintiff's operative complaint identifies defendant Uhler as Superintendent of the facility at the relevant time, but fails to plausibly allege that defendant Uhler possessed "sufficient personal knowledge of [the] grievances" filed by plaintiff to support an inference of knowledge with respect to that particular defendant. And as recent Second Circuit precedent makes clear, it is often difficult to plead or prove the requisite "personal involvement" of a higher-level supervisory official like Superintendent Uhler. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Plaintiff has not done so here for the reasons set forth in the R&R. Accordingly, the R&R is accepted and will be adopted.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 46) is ACCEPTED;

2. Defendants' motion to dismiss or for summary judgment (Dkt. No. 38) is GRANTED in part and DENIED in part;

3. Defendants' motion for summary judgment on the grounds of exhaustion is DENIED;

4. Defendants' motion to dismiss is GRANTED as to plaintiff's retaliation claim against Uhler;

5. Defendants' motion to dismiss is GRANTED as to plaintiff's retaliation claims against Keleher, except for plaintiff's claims "regarding purportedly directing cold air into Plaintiff's cell in November 2021"; and

6. Defendants' motion to dismiss is otherwise DENIED.

The Clerk of the Court is directed to terminate the pending motions and set an answer deadline accordingly.

**IT IS SO ORDERED.**

Dated: September 18, 2026
Utica, New York.

Anthony J. Brindisi
U.S. District Judge